# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**IN RE: DONALD H GRODSKY**  CIVIL ACTION

No. 19-14801

SECTION I

## ORDER & REASONS

Before the Court is a joint motion[1] by Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC ("Gordon Arata") and Seale & Ross to dismiss John L. Howell's ("Howell") appeal of the United States Bankruptcy Court's order allowing attorneys' fees and costs, or, alternatively, to affirm the bankruptcy court's order. For the following reasons, the motion is granted and Howell's appeal is dismissed.

## I.

This appeal is the latest action in a series of proceedings involving Howell, his mother Elise LaMartina ("LaMartina"), and their dispute with a Chapter 7 Trustee and his attorneys over matters related to foreclosure proceedings and a mortgage note on a condominium that Howell and LaMartina previously occupied. The following are the facts and procedural history relevant to this appeal.[2]

---

[1] R. Doc. No. 4.
[2] The Court need not restate the entire procedural history of the case, as it has been recounted in great detail in the Written Reasons for Order issued by the bankruptcy court on April 12, 2019. *See* R. Doc. No. 74, *Howell v. Adler*, No. 18-1006 (Bankr. E.D. La. Apr. 12, 2019).

1

In 2015, the bankruptcy court ordered a turnover of the mortgage note to the Trustee based on a state court determination that Donald Grodsky ("Grodsky"), the Chapter 7 debtor in this case, was the owner of the note.[3] The Trustee then initiated foreclosure proceedings with respect to the condominium in state court. In January 2018, Howell and LaMartina filed an adversary proceeding against the Trustee and his attorneys in bankruptcy court.[4]

On June 13, 2018, the bankruptcy court dismissed Howell and LaMartina's complaint in the adversary proceeding and permanently enjoined them from commencing or continuing any claim or cause of action relating in any way to:

    (i)    the ownership of the [mortgage] Note;

    (ii)    the nucleus of operative facts surrounding the determination of ownership of the Note, litigation concerning the Note and anything arising out of that Note, and any allegations as to alleged misconduct by any of the Defendants in connection with any prior litigation relating to the ownership of the Note; and

    (iii)    the nucleus of operative facts in any way relating to [the bankruptcy court's] issuance of the Turnover Order entered on May 1, 2015 ordering the turnover of the Note to the Trustee as property of the estate.[5]

---

[3] R. Doc. No. 124, *In re Grodsky*, No. 09-13383 (Bankr. E.D. La. May 1, 2015); *see* R. Doc. No. 74, *Howell v. Adler*, No. 18-1006 (Bankr. E.D. La. Apr. 12, 2019). Howell moved to reconsider the turnover order, which the bankruptcy court denied. R. Doc. No. 136, *In re Grodsky*, No. 09-13383 (Bankr. E.D. La. Dec. 2, 2015).
[4] *Howell v. Adler*, No. 18-1006 (Bankr. E.D. La. 2018).
[5] R. Doc. No. 63, *Howell v. Adler*, No. 18-1006 (Bankr. E.D. La. June 13, 2018).

This Court affirmed the bankruptcy court's decision dismissing Howell and LaMartina's claims and issuing a permanent injunction, and it adopted the bankruptcy court's opinion as its own on May 31, 2019.[6]

The instant appeal arises from the December 18, 2019 order by the bankruptcy court allowing attorneys' fees and costs for Gordon Arata, Seale & Ross, and Chaffe McCall, LLP ("Chaffe McCall").[7] The application for attorneys' fees and costs requested compensation for the Trustee's attorneys for professional services rendered and reimbursement of costs incurred in connection with the proceedings against Howell and LaMartina.[8] The application included a memorandum addressing the calculation of attorneys' fees pursuant to the "lodestar" method and each factor to be considered for an adjustment of the lodestar amount under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[9] *See In re Pilgrim's Pride Corp.*, 690 F.3d 650, 655–56 (5th Cir. 2012) (explaining that bankruptcy courts must consider the lodestar and *Johnson* factors when determining reasonable attorneys'

---

[6] R. Doc. No. 11, *In re Howell*, No. 19-10068 (E.D. La. May 31, 2019).
[7] Chaffe McCall, the Trustee's current general counsel, was also allowed attorneys' fees and costs pursuant to the bankruptcy court's order, although it did not join in the motion to dismiss Howell's appeal. Gordon Arata is the Trustee's former general counsel, and Seale & Ross is the Trustee's special counsel for the foreclosure proceedings on Howell and LaMartina's condominium. R. Doc. No. 4-2, at 2.
[8] *See* R. Doc. No. 157, *In re Grodsky*, No. 09-13383 (Bankr. E.D. La. Nov. 27, 2019).
[9] *See id.* at 3–8. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19.

fees). Also attached to the application were detailed invoices itemizing each matter and costs incurred for which Gordon Arata, Seale & Ross, and Chaffe McCall sought compensation.[10]

After reviewing the application and the relevant record and finding that the professional services were duly rendered and that the services rendered and costs incurred were reasonable, the bankruptcy court authorized the Trustee to pay to Gordon Arata, Seale & Ross, and Chaffe McCall the attorneys' fees and costs set forth in the application.[11] Such payments were due immediately upon entry of the order.[12] The bankruptcy court also ordered that the $8,800 reserve for the Trustee's statutory commission and reimbursement of expenses and the $2,200 reserve for future costs be held by the Trustee pending the Trustee's filing of his final account or further order of the bankruptcy court.[13] Pursuant to the order, any funds remaining after payment of the Trustee's statutory commission and reimbursement of expenses are to be allocated and paid to Gordon Arata and Chaffe McCall on a 63%/37% allocation basis as provided for in the application.[14]

---

[10] *See* R. Doc. No. 157-1, *In re Grodsky*, No. 09-13383 (Bank. E.D. La. Nov. 27, 2019).
[11] *See* R. Doc. No. 1-2. The bankruptcy court explained that it considered the application, "including, without limitation, the agreement between the parties regarding the allocation of the fees against the limited available funds for distribution set forth on Exhibit E to the Application," the Order Approving Compromise, the pleadings, and the record in this case. *Id.* at 1. The bankruptcy court also found that proper notice was given to all creditors and parties-in-interest. *Id.*
[12] *Id.* at 2–3.
[13] *Id.* at 3.
[14] *Id.*

4

Howell filed a notice of appeal of the bankruptcy court's order on December 30, 2019.[15] He presents three issues on appeal: 1) whether the bankruptcy court erroneously granted the application for allowance of attorneys' fees and costs; 2) whether "trustees' and attorneys' fees and expenses" exceeding $150,000 are "reasonable for the administration of a single estate asset in which the debtor has no, zero (0) equity in which to justify its administration"; and 3) whether the Trustee and his attorneys should be compensated over $150,000 "for actions taken with the express intent of defrauding the estate's only secured claimant."[16] In his opposition to the application, Howell alleged that he is the only secured claimant of Grodsky's estate based on a "Confessed Judgment Promissory Note" and Security Agreement that Grodsky allegedly executed on September 13, 2007 and that Howell filed as proof of claim on January 30, 2013.[17]

Gordon Arata and Seale & Ross move to dismiss Howell's appeal, arguing that dismissal is warranted based on Howell's failure to pay the required filing fee under Federal Rule of Bankruptcy Procedure 8003(a)(3)(C) and the frivolous and "baseless" nature of Howell's appeal pursuant to 28 U.S.C. § 1915(e)(2)(i)–(ii).[18] Gordon Arata and Seale & Ross also ask the Court, in the alternative, to affirm the bankruptcy court's order.[19]

---

[15] R. Doc. No. 1.
[16] R. Doc. No. 2, at 5.
[17] R. Doc. No. 159, *In re Grodsky*, 09-13383 (Bankr. E.D. La. Dec. 16, 2019).
[18] *See* R. Doc. No. 4-2, at 4–5.
[19] *Id.* at 7.

## II.

This Court's jurisdiction to review the bankruptcy court's order derives from 28 U.S.C. § 158(a)(1). "[C]onclusions of law are reviewed de novo, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed de novo." *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). "[W]hen the bankruptcy court's weighing of the evidence is plausible in light of the record taken as a whole, a finding of clear error is precluded, even if [the reviewing court] would have weighed the evidence differently." *In re Bradley*, 501 F.3d 421, 434 (5th Cir. 2007). Under the clear error standard, the bankruptcy court's order will only be reversed if the district court has a "firm and definite conviction that a mistake has been made." *Matter of Linn Energy, L.L.C.*, 936 F.3d 334, 340 (5th Cir. 2019).

A bankruptcy court's award of attorneys' fees is reviewed for abuse of discretion and its underlying fact findings for clear error. *In re Hampton Vill., Inc.*, 122 F. App'x 717, 719 (5th Cir. 2004) (citing *In re Anderson*, 936 F.2d 199, 203 (5th Cir. 1991)). "An abuse of discretion arises where (1) the bankruptcy judge fails to apply the proper legal standard or follows improper procedures in determining the fee award, or (2) bases an award on findings of fact that are clearly erroneous." *In re Evangeline Refining Co.*, 890 F.2d 1312, 1325 (5th Cir. 1989).

### i.

Rule 8003 of the Federal Rules of Bankruptcy Procedure sets forth certain procedural requirements for filing, with the bankruptcy clerk, a notice of appeal of a bankruptcy court's order, including payment of the prescribed fee. *See* Fed. R. Bankr.

6

P. 8003(a)(3)(C). Pursuant to Rule 8003(a)(2), a district court may dismiss an appeal of a bankruptcy court's order because of an appellant's failure to comply with these procedural requirements.[20] *See* Fed. R. Bankr. P. 8003(a)(2).

Dismissal lies within the district court's discretion, though the Fifth Circuit has advised that "[d]ismissal is a harsh and drastic sanction that is not appropriate in all cases." *In re CPDC Inc.*, 221 F.3d 693, 699 (5th Cir. 2000). When determining whether dismissal is an appropriate sanction for procedural infractions, factors relevant to the court's consideration include whether the infraction was harmless or prejudiced the appellees, whether the appellant has exhibited "obstinately dilatory conduct," and whether enforcement of the bankruptcy rules would "ensure the swift and efficient resolution of disputes pertinent to the distribution of the bankruptcy estate." *See id.* at 699–701.

Gordon Arata and Seale & Ross argue that the Court should dismiss Howell's appeal because he failed to pay the prescribed fee or obtain a fee waiver to proceed *in forma pauperis*.[21] They also assert that even if Howell had requested a fee waiver, he would not be entitled to one because the bankruptcy court lacks the authority to waive the filing fee for a creditor such as Howell.[22]

---

[20] Rule 8003(a)(2) states in pertinent part: "An appellant's failure to take any steps other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP [Bankruptcy Appellate Panel] to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).
[21] *See* R. Doc. No. 4-2, at 4.
[22] *See id.*

7

Pursuant to 28 U.S.C. § 1930(f)(1), the district court and the bankruptcy court may waive the filing fee for certain individuals in a Chapter 7 bankruptcy case "[u]nder the procedures prescribed by the Judicial Conference of the United States." Section 1930(f)(3) specifically provides that "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors." 28 U.S.C. § 1930(f)(3). Although the Judicial Conference does not currently have a specific policy or procedure with respect to fee waivers for "other debtors and creditors," there is no policy that prohibits a district court or bankruptcy court from waiving the prescribed filing fee for creditors.[23] While some courts have found that the absence of a specific policy from the Judicial Conferences bars a court from waiving such fee, *see, e.g., In re LeGare*, No. 13-32542, 2013 WL 5417212, at *2 (Bankr. N.D. Ohio Sept. 26, 2013), this Court agrees with other courts concluding that the better view is that the district courts and bankruptcy courts have authority to waive the filing fee for creditors who commence adversary proceedings in a bankruptcy case. *See In re Richmond*, 247 F. App'x 831, 832–34 (7th Cir. 2007) (collecting cases); *In re Collins*, No. 17-10049, 2017 WL 979021, at *2–5 (Bankr.

---

[23] The Bankruptcy Fee Compendium states, "28 U.S.C. § 1930(f)(3) seems to provide that district and bankruptcy courts may waive fees for other debtors and creditors, but it qualifies this authority by providing that the waiver is to be in accordance with Judicial Conference policy. The circuits disagree whether 28 U.S.C. § 1915(a) authorized *in forma pauperis* adversary proceeding complaints and appeals for parties other than individual chapter 7 debtors." Bankruptcy Fee Compendium III (June 1, 2014 Edition), Part A, § 7(C)(2), p. 15–16; *see* Part G, § 1(C)(7), p. 63 n.263 (same).

S.D.N.Y. Mar. 10, 2017) (collecting cases); *In re Grason*, No. 17-3129, 2017 WL 3313998, at *2 (C.D. Ill. Aug. 3, 2017); *In re Boydstun*, No. 7-11-12456, 2013 WL 211128, at *2 (Bankr. D.N.M. Jan. 18, 2013).

The record demonstrates that the bankruptcy court waived the prescribed filing fee for Howell's notice of appeal and that it permitted Howell to continue proceeding *in forma pauperis* in connection with his appeal.[24] Because any prescribed fee for filing a notice of appeal of a bankruptcy court's order is to filed with the bankruptcy clerk, Howell was not required to file a separate application to proceed *in forma pauperis* in this Court.[25] *See* Fed. R. Bankr. P. 8003(a). Accordingly, the Court considers Howell to have properly maintained his pauper status in this appeal; he is, therefore, not required to pay the prescribed filing fee.

Considering Howell's pauper status, however, the Court finds that dismissal of his appeal is warranted on grounds of frivolousness.

*ii.*

Pursuant to 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*, the court "shall dismiss" an action or appeal that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An appeal by a party proceeding *in forma pauperis* may be dismissed

---

[24] *See* R. Doc. No. 163, *In re Grodsky*, No. 09-13383 (Bankr. E.D. La. Dec. 30, 2019) (docket entry noting that the filing fee was waived). Although Gordon Arata and Seale & Ross contend that the notation of the fee waiver on the docket sheet was a "clerical mistake," the Court has confirmed with the bankruptcy court that it did not require Howell to pay the prescribed fee in connection with his instant appeal of the bankruptcy court's order. The United States Bankruptcy Judge in this case advised the Court that it is customary practice in bankruptcy court for the bankruptcy clerk to obtain the bankruptcy judge's approval prior to waiving the filing fee.
[25] *See* R. Doc. No. 7.

9

as frivolous if it does not have an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Matter of Kite*, 710 F. App'x 628, 631 (5th Cir. 2018); *see In re Foster*, 644 F. App'x 328, 331 (5th Cir. 2016) (dismissing bankruptcy appeal as frivolous because "it [was] apparent the appeal lacks merit").

In this case, the bankruptcy court reviewed the application, the record, and Howell's late opposition, found that the services were duly rendered and the services and expenses incurred were reasonable, and granted the application.[26] Noting that Howell's opposition was untimely, the bankruptcy court nevertheless "read the objection and determined that it did not state any grounds for denial of the fee application."[27]

Howell claims that the bankruptcy court erroneously granted the application for allowance of attorneys' fees and costs, but he has not identified any issues demonstrating that the bankruptcy court's order constituted an abuse of discretion. *See Anderson*, 936 F.2d at 203. Howell does not allege that the bankruptcy court failed to apply the proper legal standard or follow proper procedures, and he has not shown that the award was based on clearly erroneous findings of fact. *See Evangeline Refining Co.*, 890 F.2d at 1325. Instead, Howell asserts in a conclusory fashion that the fees and expenses set forth in the application are "excessive" and "unreasonable" because they relate to the administering of "an estate with one secured creditor and

---

[26] R. Doc. No. 1-2.
[27] *Id.* at 1 n.1.

one estate asset."[28] Howell also alleges that the fees and expenses were incurred "while scheming to defraud [him]."[29]

As evident in the detailed application for allowance of attorneys' fees and costs, as well as the attached invoices, the expenses incurred covered a period of over six years for professional services rendered in connection with Howell and LaMartina's foreclosure and bankruptcy proceedings.[30] And, as stated previously, the application addressed the lodestar calculation of attorneys' fees and each of the *Johnson* factors for an adjustment of the lodestar amount.[31] Gordon Arata, Seale & Ross, and Chaffe McCall also explained that a portion of these expenses was necessitated by the need to respond to continuing litigation initiated by Howell and LaMartina, despite a permanent injunction prohibiting Howell and LaMartina from pursuing such claims.[32] Howell's untimely opposition to the application simply rehashes his arguments regarding his alleged secured claim in the mortgage note and accusations of fraud by the Trustee and his attorneys.[33]

The Court finds no abuse of discretion by the bankruptcy court in its order on the allowance of attorneys' fees and costs. Because this Court reviews the bankruptcy

---

[28] R. Doc. No. 16, at 5.
[29] *Id.*
[30] *See* R. Doc. No. 157, *In re Grodsky*, No. 09-13383 (Bankr. E.D. La. Nov. 27, 2019). The application covered a period from 2013 to 2019, as the Trustee filed a motion to reopen the Chapter 7 proceedings in 2013 to investigate ownership of the mortgage note. *See* R. Doc. No. 74, at 2, *Howell v. Adler*, No. 18-1006 (Bankr. E.D. La. Apr. 12, 2019).
[31] *See* R. Doc. No. 157, *In re Grodsky*, No. 09-13383 (Bankr. E.D. La. Nov. 27, 2019).
[32] *See id.* at 5–7.
[33] *See* R. Doc. No. 159, *In re Grodsky*, No. 09-13383 (Bankr. E.D. La. Dec. 16, 2019).

11

court's findings of fact underlying its award for clear error, the Court defers to the bankruptcy court's factual findings unless, after reviewing all the evidence, the Court is "left with a firm and definite conviction that the bankruptcy court made a mistake." *In re Cahill*, 428 F.3d 536, 542 (5th Cir. 2005) (citing *In re Bradley*, 960 F.3d 503, 507 (5th Cir. 1992)) (internal quotation marks omitted). The Court does not have any such conviction here based on its review of the bankruptcy court's factual findings and the evidence presented. There has also been no demonstration that the bankruptcy court failed to apply the proper legal standard or that it followed improper procedures in reaching its decision. *See Evangeline Refining Co.*, 890 F.2d at 1325.

Accordingly, Howell's appeal is frivolous because he has not demonstrated that his appeal has an arguable basis in fact or law. *See Neitzke*, 490 U.S. at 325. In his appeal of the bankruptcy court's order, Howell improperly raises issues that have already been adjudicated and that Howell has been permanently enjoined from litigating—specifically, allegations of misconduct by the Trustee and his attorneys in these proceedings and claims relating to litigation arising from the mortgage note.[34] Moreover, despite Howell's assertion that he is the only secured claimant of Grodsky's estate, based on a "Confessed Judgment Promissory Note" and Security Agreement allegedly executed in 2007, the record shows—and Howell acknowledges—that these documents were cancelled on September 6, 2013.[35]

---

[34] *See* R. Doc. No. 63, *Howell v. Adler*, No. 18-1006 (Bankr. E.D. La. June 13, 2018).
[35] R. Doc. No. 15, at 1–2; R. Doc. No. 168, *In re Grodsky*, No. 09-13383 (Bankr. E.D. La. Jan. 27, 2020). Howell's argument that there was "no consideration" for a valid cancellation is unavailing. *See id.* at 2.

Howell has not presented any argument to the Court that the claims he is raising again in the instant appeal are not barred by the prior orders of this Court and the bankruptcy court. Instead, Howell's appeal is another improper attempt to take "more than 'one bite of the apple'" and continue this protracted bankruptcy proceeding.[36] *Matter of Baudoin*, 981 F.2d 736, 739–40 (5th Cir. 1993). The *in forma pauperis* statute may not be used for such frivolous and abusive litigation. *See In re Hall*, 354 F. App'x 842, 843 (5th Cir. 2009).

### III.

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED** and Howell's appeal of the bankruptcy court's December 18, 2019 order is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March 13, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[36] As the bankruptcy court previously noted, Howell and LaMartina appeared to have been using "legal proceedings to live in the condominium without paying the condo association dues and fees since 2002," and have spent "several years filing suits and 'discovering' new documents" to forestall foreclosure on the condominium. R. Doc. No. 74, at 9, *Howell v. Adler*, No. 18-1006 (Bankr. E.D. La. Apr. 12, 2019). The Fifth Circuit has cautioned that "the filing of frivolous, repetitive, or otherwise abuse [sic] filings" by a party seeking to proceed *in forma pauperis* "will invite sanctions," which may include "dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in [the Fifth Circuit] and any court subject to [the Fifth Circuit's] jurisdiction." *Hall*, 354 F. App'x at 843.