# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: DONALD H GRODSKY** | **CIVIL ACTION** |
| | **No. 19-14801** |
| | **SECTION I** |

## ORDER & REASONS

Before the Court is appellant John L. Howell's ("Howell") application[1] to proceed in forma pauperis ("IFP application") in connection with his appeal of this Court's order[2] dismissing Howell's appeal of the United States Bankruptcy Court's December 18, 2019 order.[3]  Appellee Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC ("Gordon Arata") filed an opposition asking the Court to deny Howell's IFP application.[4]

Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that Howell's appeal is not taken in good faith and hereby denies Howell's IFP application.[5]

## I.

In its previous order, the Court explained the pertinent facts and procedural history relevant to Howell's appeal of the bankruptcy court's order, and it need not repeat them again.[6]  The Court found that Howell's appeal was frivolous because he

---

[1] R. Doc. No. 38.
[2] R. Doc. No. 17.
[3] The December 18, 2019 order by the bankruptcy court granted the application for allowance of attorneys' fees and costs filed by Gordon Arata, Seale & Ross, and Chaffe McCall, LLP. R. Doc. No. 1-2.
[4] R. Doc. No. 39, at 1–2.
[5] The instant IFP application is Howell's second.  *See* R. Doc. No. 20.  The Court dismissed his first application, having determined that it was not made in good faith.  *See* R. Doc. No. 22.
[6] *See* R. Doc. No. 17, at 1–3.

failed to demonstrate that his appeal had an arguable basis in fact or law.[7] Moreover, Howell's arguments in support of his appeal of the bankruptcy court's order improperly raised issues that had already been adjudicated and that Howell had been permanently enjoined from litigating—specifically, allegations of misconduct by the Trustee and his attorneys in these proceedings and claims related to litigation arising from ownership of a promissory mortgage note.[8]

## II.

Under 28 U.S.C. § 1915(a)(3), a court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith.[9] *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also* Fed. R. App. P. 24(a)(4). "'Good faith' is demonstrated when a party seeks appellate review of any issue that is 'not frivolous.'" *Howard*, 707 F.2d at 220 (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). An appeal is not frivolous when it "involves 'legal points arguable on their merits.'" *Id.* (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

Howell has not demonstrated that his instant appeal involves any nonfrivolous issues that would be arguable on their merits. As the Court found in its previous order, the bankruptcy court did not abuse its discretion in granting the application for allowance of attorneys' fees and costs, and Howell did not identify any issues that would demonstrate otherwise.[10]

---

[7] *Id.* at 12.
[8] *Id.*
[9] Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."
[10] *See* R. Doc. No. 17, at 10–11.

2

The frivolous nature of Howell's instant appeal is further demonstrated by a recent decision by the United States Court of Appeals for the Fifth Circuit, which affirmed this Court's affirmance of two bankruptcy court orders in these protracted proceedings. *In re Grodsky*, No. 19-30494, 2020 WL 1580309 (5th Cir. Apr. 1, 2020). The Fifth Circuit found that the allegations by Howell and his mother Elise LaMartina ("LaMartina") against the Trustee and his attorneys "were not based in fact," and that the Trustee and his attorneys were immune from liability. *Id*. at *2. The Fifth Circuit also found that Howell and LaMartina's suit violated the bankruptcy court's permanent injunction barring Howell and LaMartina from relitigating the promissory note, and that their case "lacked any underlying merit." *Id*. As the Fifth Circuit aptly noted,[11] that appeal "should, at long last, be the end of the road." *Id*. at *1.

### III.

Accordingly,

**IT IS ORDERED** that Howell's IFP application is **DENIED** pursuant to 28 § 1915(a)(3) because Howell's appeal is not taken in good faith. Any further attempts to file such frivolous appeals will be met with sanctions.

New Orleans, Louisiana, July 24, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[11] *See* R. Doc. No. 22.